UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIDGET BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-364 HEA ) |
| LELAND DUDEK, Acting Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

# OPINION, MEMORANDUM AND ORDER

Plaintiff Bridget Brooks brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* A summary of the record is presented in the parties' briefs and is repeated here only to the extent necessary. The Court has reviewed the filings and the administrative record as a whole, which includes the hearing transcript and medical evidence. For the following reasons, the decision of the Commissioner is reversed.

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 18, 2025. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.     *Procedural History*

On June 18, 2021, Plaintiff protectively filed her application for DIB. Plaintiff, who was born in December 1968, alleged she had been unable to work since January 1, 2019, due to blindness/low vision, degenerative lumbar arthritis, degenerative disc disease, high blood pressure, "trouble walking without pain," migraines, and sleep apnea (Tr. 223).  Plaintiff's application was denied on initial consideration, and she requested a hearing before an Administrative Law Judge ("ALJ").  Plaintiff and counsel appeared for a hearing on October 14, 2023. (Tr. 34-67). Plaintiff testified concerning her disability, daily activities, functional limitations, and past work. *Id.* The ALJ also received testimony from vocational expert ("VE") John Dolan.  *Id.*  On March 9, 2023, the ALJ issued an unfavorable decision finding Plaintiff not disabled. (Tr. 15-27). Plaintiff filed a request for review of the ALJ's decision with the Appeals Council.  On January 11, 2024, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).  Plaintiff has exhausted her administrative remedies, and the ALJ's decision stands as the final decision of the Commissioner subject to judicial review.  See 42 U.S.C. §§ 405(g), 1383(c)(3).

In this action for judicial review, Plaintiff claims the ALJ committed reversible error in his decision.  Plaintiff requests that the Commissioner's decision be reversed, and the matter remanded for an award of benefits or for further evaluation.

## *II. Legal Standard*

To be eligible for DIB under the Social Security Act, plaintiff must prove she is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will be declared disabled "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If the claimant is working, disability benefits are denied. Second, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments, meaning that which significantly limits his or her ability to do basic work activities. If the

claimant's impairment is not severe, then he or she is not disabled. Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1, the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. §§ 416.920(a)(4)(iii), (d).

At the fourth step, if the claimant's impairment is severe but does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the RFC to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i).  An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). Ultimately, the claimant is responsible for providing evidence relating to his or her RFC, and the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3).  If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

4

In the fifth step, the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy. If the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production shifts to the Commissioner to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy. *See Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work which exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* In the fifth step, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

The decision of the Commissioner must be affirmed if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). The "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the

Commissioner's findings." *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (internal quotation marks and citation omitted). "Substantial evidence on the record as a whole . . . requires a more scrutinizing analysis." *Id.* (internal quotation marks and citations omitted). Under this test, the Court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id.* The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016).

### III.   The ALJ's Decision

In a decision dated April 4, 2023, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 6, 2021; Plaintiff has the severe impairments of chronic bronchitis after contracting COVID-19, sacroiliitis, degenerative disc disease of lumbar spine, degenerative joint disease of right shoulder, partial rotator cuff tear of right shoulder, and obesity. (Tr. at 18); and Plaintiff did not have an impairment or combination of impairments that meets or

medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.*).

As for Plaintiff's residual functional capacity ("RFC"), the ALJ found Plaintiff retained the ability to perform sedentary work as defined in 20 C.F.R. § 404.1567(a).[2] The ALJ wrote the following:

> [Plaintiff] can lift up to 10 pounds occasionally. [Plaintiff] can stand/walk for about two hours and sit for up to six hours in an eight-hour workday with normal breaks. She can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. She can occasionally overhead reach using the bilateral upper extremities. She should avoid concentrated exposure to extreme cold, extreme heat, humidly, excessive vibration, and irritants such as fumes, odors, dust, gases and poorly ventilated areas. She should avoid concentrated exposure to operational control of moving machinery. She should avoid unprotected heights and exposure to hazardous machinery.

(Tr. 20-21).

At the fourth step, the ALJ found Plaintiff was unable to perform her past relevant work. (Tr. 25). At the fifth step, relying on the testimony of the VE and considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs existing in significant numbers in the national economy that Plaintiff could perform, including police dispatcher, which has an exertion level of sedentary.

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally, and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

7

(Tr. 27). At the end of his analysis, the ALJ concluded Plaintiff was not disabled. (*Id.*).

### *IV. Discussion*

In support of her request for reversal and remand, Plaintiff argues the ALJ erred when he found Plaintiff's medical provider's opinion to be persuasive but failed to include or take into account limitations the doctor included in his medical opinion. In other words, Plaintiff argues that the ALJ erred when he failed to include in Plaintiff's RFC, without an explanation, physical limitations that are supported by persuasive opinion evidence.

RFC is what a claimant can do despite his or her limitations and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545, 416.945. The RFC is a function-by-function assessment of an individual's ability to do work-related activities on a regular and continuing basis. SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). "[A]lthough medical source opinions are considered in assessing RFC, the final determination of RFC is left to the Commissioner." *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians, and the claimant's own descriptions of his or her limitations. *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017); *Pearsall*, 274 F.3d at 1217. According to the Eighth Circuit, "Ultimately, the RFC

8

determination is a 'medical question,' that 'must be supported by some medical evidence of [the claimant's] ability to function in the workplace.'" *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (quoting *Combs*, 878 F.3d at 646); *see also Steed v. Astrue*, 524 F.3d 872, 875 (8th Cir. 2008) (ALJ's RFC assessment must be supported by medical evidence). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) (some medical evidence must support the determination of the claimant's RFC). An ALJ's RFC determination should be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

An ALJ evaluates medical opinions and administrative medical findings pursuant to 20 C.F.R. § 404.1520c. These rules provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a). When determining RFC, the ALJ is to "evaluate[s] the persuasiveness of medical opinions" considering the following factors: (1) supportability, (2) consistency; (3) the relationship between the opinion's author and the claimant, such as whether the opinion is from a treating source; (4) whether the medical opinion is by a specialist; and (5) "other factors that tend to support or

9

contradict a medical opinion," such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Social Security Administration's] policies and evidentiary requirements."[3] 20 C.F.R. §§ 416.920c(a) and (c). The ALJ is required to "articulate how [the ALJ] considered the medical opinions" and "explain how [the ALJ] considered the supportability and consistency factors," the two most important factors. 20 C.F.R. §§ 40416.920c(a), (b)(2).

Plaintiff's internist, Rajinder Mahay, M.D., provided an opinion dated September 2, 2022, in which he opined that Plaintiff's symptoms and/or the side effects of her medications would significantly interfere with her ability to do sustained tasks without taking 15 minutes or more of break time every hour. (Tr. 848). He also opined that in an 8-hour workday, Plaintiff could sit for 3-4 hours, stand/walk for 1-2 hours, and that she would need to take lay down or take breaks for 3-4 hours. (Tr. 849). He further opined that Plaintiff could lift or carry a maximum of 0-5 pounds. (*Id.*) He also found that Plaintiff could only occasionally reach above her shoulders, push and pull, perform fine manipulation, and grasp and

---

[3]"Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

10

hold, but that she should never squat, crawl, or climb. (*Id.*) Dr. Mahay based these limitations on Plaintiff's right shoulder impairment and arthritis in her back. (*Id.*) Dr. Mahay also noted that Plaintiff would miss three or more days a month to see her specialist. (*Id.*)

The ALJ found Dr. Mahay's opinion was partially persuasive, "even though it is supported with Dr. Mahay's treatment notes." (Tr. at 25). The ALJ wrote the following with regard to the doctor's opinion:

> [Dr. Mahay's] opinion is generally consistent with the overall evidence of difficulty ambulating and limited use of the upper extremities due to chronic pain and fatigue that is exacerbated by obesity and deconditioning [ ]. The undersigned finds that the claimant is capable of less than a full range of sedentary work based on her testimony and the objective clinical and diagnostic findings in the record. However, Dr. Mahay's notes and the other evidence of record does not support that the claimant will need to take extra breaks to recline during the day. The record does not support that the claimant would be unable to perform fine manipulation, and it does not support that the claimant would need to miss work three times a month to see a specialist. The claimant's specialists have advised that the claimant is capable of engaging in even more activity and have recommended that she increase her activity level [ ].

(Tr. 25).

In his RFC determination, the ALJ found Plaintiff was capable of lifting 10 pounds occasionally,[4] which is inconsistent with Dr. Mahay's opinion that Plaintiff is limited to lifting and carrying no more than 5 pounds. In addition, the ALJ found

---

[4] "Occasionally" means occurring from very little up to one- third of the time and would generally total no more than about 2 hours of an 8-hour workday. SSR 96-9p

11

that Plaintiff had no grasping or holding limitations, which is also inconsistent with Dr. Mahay's opinion that Plaintiff could only occasionally grasp and hold.  When discussing Dr. Mahay's opinion, The ALJ did not acknowledge the lifting restrictions or grasping and holding limitations Dr. Mahay placed on Plaintiff or provide an explanation as to why they are inconsistent or not supported by the record.

"[T]he ALJ is free to accept some, but not all, of a medical opinion." *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022).  Further an ALJ is "not required to adopt the exact limitations set forth in the opinions [he] found persuasive." *Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023); *see also Burg v. O'Malley*, No. 4:23-CV-329 SRC, 2024 WL 1253822, at *5 (E.D. Mo. Mar. 25, 2024) (the regulations do not "require the ALJ to mechanically address each part of the prior administrative medical findings or adopt each limitation identified by persuasive medical sources when determining a claimant's RFC.")  But when an ALJ does not accept parts of a persuasive medical opinion, the ALJ is required to explain his reasons for rejecting the evidence that he did not accept. *See Kathryne L. v. O'Malley*, No. 24-CV-4011-LTS-KEM, 2024 WL 4819441 at *3 (N.D. Iowa Nov. 18, 2024), *report and recommendation adopted,* No. C24-4011-LTS-KEM, 2024 WL 4988979 (N.D. Iowa Dec. 5, 2024); *Carey v. O'Malley*, No. 4:23-CV-860 NCC, 2024 WL 4238691, at *5 (E.D. Mo. Sept. 19, 2024) (collecting cases and noting "courts have frequently found remand required where an ALJ finds a medical opinion

12

persuasive, yet declines to include some of the limitations found in that opinion in that RFC and does not explain why"). This is a logical extension of the Eighth Circuit's decision in *Gann v. Berryhill*, in which the court held the ALJ erred by assigning "significant weight" to medical opinions, but then failing to include in the RFC "adaptation restrictions" recommended by those medical opinions. 864 F.3d 947, 952-53 (8th Cir. 2017).  *Gann* involved the old regulations for evaluating medical opinions, but the change from evaluating opinions by assigning weight to determining persuasiveness does not affect *Gann's* reasoning.

Here, the ALJ noted that Dr. Mahay s opinion was supported by his treatment notes and generally consistent with the other evidence in the record, but he believed that certain limitations from the doctor's report were not supported. (Tr. 25). The ALJ rejected Dr. Mahay's opinion regarding the need for extra breaks or to recline, limitations in fine manipulation, and that the claimant would be absent three times per month to see a specialist. (Tr. 25).  He stated these limitations were not supported. The ALJ then noted that Plaintiff's other doctors have stated that she is capable of engaging in more activity have encouraged her to increase her activity level.   But the ALJ failed to explain why he did not adopt Dr. Mahay's findings regarding Plaintiff's inability to lift more than 5 pounds and her grasping and holding limitations.

13

In his brief in opposition, Defendant argues that these limitations are not supported by or consistent with the record as a whole, which the ALJ did address in other portions of his decision.  For example, Defendant contends an inability to perform the minimal lifting required by sedentary work is inconsistent with the recommendations of Plaintiff's doctors that Plaintiff increase her activity level.  The Court does not agree. As pointed out by Defendant, Plaintiff's pulmonologist recommended that she "increase moderate-intensity aerobic activity," and that she should spend less time sitting and find more physical activities that she enjoyed. (Tr. 844). Plaintiff's cardiologist also advised Plaintiff to start walking 20 to 40 minutes at a time and to exercise daily. (Tr. 925).  But walking and increased aerobic activity are not the same as lifting weights; they can be performed with lifting restrictions. The exercise recommendations from Plaintiff's pulmonologist and cardiologist are not inconsistent with Dr. Mahay's lifting restrictions and grasping and holding limitations.

Defendant also argues that Dr. Mahay's restrictions are inconsistent with diagnostic testing that shows "very minimal" degenerative changes in Plaintiff's lumbar spine.  Plaintiff, however, has other impairments aside from her sacroiliitis and degenerative disc disease of the lumbar spine.  Plaintiff has a rotator cuff tear, and physical examinations showed weakness, pain, and reduced range of motion in her right shoulder, (Tr. 823-24, 829-30, 931, 934), which would be consistent with

14

lifting restrictions and grasping and holding limitations.  And while Plaintiff did testify at the hearing that she could lift 5 to 10 pounds with her right arm and 15 pounds with her left arm, she did not testify that she was able to lift this amount of weight for up to one-third of an 8-hour workday. (Tr. 47). Defendant also points to Plaintiff's Function Report in which she did not report that she had problems using her hands.  (Tr. 244). But the Function Report is dated August 14, 2021. (Tr. 246). Plaintiff tore her rotator cuff on October 19, 2021, *after* she completed the Function Report.  Dr. Mahay's opinion is dated September 2, 2022, after Plaintiff's shoulder injury, which has not been repaired.  (Tr. 821, 849).

In sum, the Court finds that the ALJ failed to explain his reasoning for declining to adopt some of the limitations contained in Dr. Mahay's medical opinion. While the ALJ need not incorporate every limitation from a medical opinion into the RFC, once a medical opinion is found to be persuasive, an ALJ should explain why there are inconsistencies with the medical opinion and the RFC, or it should be apparent from the ALJ's decision.  Here, it is not clear from the record why the ALJ failed to adopt some of the limitations from Dr. Mahay's opinion, and contrary to Defendant's arguments, the lifting restriction and grasping and holding limitations are not inconsistent with the evidence as a whole.

## V. Conclusion

The Court's task "is to determine whether the ALJ's decision 'complies with the relevant legal standards and is supported by substantial evidence in the record as a whole.'" *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). The Court finds that it does not in this case. For the reasons set forth above, the Court finds that the ALJ did not follow the Social Security regulations and controlling law in evaluating medical opinions in the record. The Court further finds the ALJ's RFC determination – particularly his findings regarding Plaintiff's ability to lift and grasp and hold – is not supported by medical evidence. Therefore, the Court remands this matter to the Commissioner for further proceedings consistent with this Opinion, Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order.

A separate judgment will accompany this Opinion, Memorandum and Order.

Dated this 27th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE